## AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Plaintiff,

v.

## CRAMER–KRASSELT, Defendant.

No. 88 C 2242.

United States District Court,
N.D. Illinois, E.D.

July 5, 1989.

James J. Stamos, Coffield, Ungaretti, Harris & Slavin, and Michael T. Trucco, Chicago, Ill., for plaintiff.

Michael T. Hannafan and James M. Byrnes, Michael T. Hannafan & Associates, Ltd., Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Plaintiff, American National Bank and Trust Company of Chicago ("American"), moves to disqualify defendant's, Cramer–Krasselt ("C–K"), counsel. For the following reasons, plaintiff's motion is denied.

## FACTS

American has sued C–K alleging breach of a contract to provide marketing and advertising services. C–K is represented in this action by the law firm of Quarles & Brady. American, along with its president, Robert J. Grayheck ("Grayheck"), is a defendant in a lawsuit alleging wrongful conduct in a series of loan transactions. *Haroco, Inc. v. American National Bank and Trust Company of Chicago*, No. 83–C–1618 (N.D.Ill.) (the *"Haroco* action"). Until its demise, the firm of Isham, Lincoln and Beale defended American and Grayheck in the *Haroco* action. American and Grayheck were insured under a directors' and officers' liability policy by WMBIC Indemnity Corporation, formerly known as MGIC Indemnity Corporation, (the "Insurer") and tendered the claim (the "Claim") underlying the *Haroco* action to the Insurer. The Insurer is now in liquidation under the

control of the Commissioner of Insurance of the State of Wisconsin (the "Commissioner"). Quarles & Brady has, since 1985, represented the Commissioner. In that capacity, Quarles & Brady functioned as monitoring counsel, representing the Commissioner in consultation with the Commissioner's claims service agent, Continental Casualty Company, concerning the Claim. In the course of serving as monitoring counsel, Quarles & Brady was privy to certain communications, both oral and written, with counsel for American, and between American and its Insurer, concerning the status of the defense of the *Haroco* action.

Quarles & Brady continued to serve as monitoring counsel in the *Haroco* action, after appearing on behalf of C–K in this action, until American voiced an objection. In April, 1989, Quarles & Brady withdrew as monitoring counsel, hoping to avoid potential grounds for disqualification. Nevertheless, American has so moved on the grounds that, while serving as monitoring counsel, Quarles & Brady developed a "long standing confidential, privileged and fiduciary relationship" with American. American asserts that Quarles & Brady's continued representation of C–K is in violation of duties owed to American under Canons 4 and 9 of the Code of Professional Responsibility.

## DISCUSSION

In this Circuit, an attorney, representing a party in a matter in which the adverse party is the attorney's former client, will be disqualified only if the subject matter of the two representations are "substantially related". *Westinghouse Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 223 (7th Cir.1978). Consistent with both the duties of preserving client confidences and avoiding the appearance of professional impropriety imposed by canons 4 and 9, respectively, of the A.B.A. Code of Professional Responsibility, whether a substantial relationship exists is dependent upon "the possibility, or appearance thereof, that confidential information might have been given to the attorney in relation to the subsequent matter in which disqualification is sought." 588 F.2d at 224. It is inappropriate for the court to inquire into the actual confidences, if any, disclosed. *Id.*

Applying the "substantial relationship" test involves three distinct steps. First, factually reconstructing the scope of the prior representation. Second, determining the reasonableness of the inference that confidential information was actually passed in the course of the prior representation. Finally, determining "whether that information is relevant to the issues raised in the litigation pending against the former client." 588 F.2d at 225.

Even assuming the prior existence of an attorney-client relationship between Quarles & Brady and American, (which Quarles & Brady strongly denies) disqualification is not proper here. There is no "substantial relationship" between the two "representations". There has been no showing that any information Quarles & Brady could possibly have received with any relevance to the *Haroco* action could have any relevance to any of the issues raised, or which possibly could be raised, in the instant case.

The *Haroco* action involves allegations of improper lending procedures, while here the court confronts a claim for breach of an advertising contract. The court cannot conceive of how any information Quarles & Brady received concerning the status of the *Haroco* action can have any relevance to American's claim for breach of an advertising contract or C–K's counterclaims on the same grounds. Certainly, if the instant case also involved a challenge to American's lending procedures or an attempt by American to enforce the terms of one of its loans, then American might have grounds for disqualification. However, that is not the case.

Failing to address the issue of the total disimilarity between the subject matters of the *Haroco* action and the instant case, American essentially relies on unspecified fears and its concern that Quarles & Brady through its involvement in the *Haroco* action has gained a "feel" for the actions of American which it can use in formulating

strategy in the instant case. If the court were to accept this as a sufficient basis for disqualification, disqualification would be mandated in every case where counsel had a prior relationship with an adversary no matter what its nature. While Quarles & Brady may owe a duty to American under Canon 4, it is not with respect to information of any relevance to the instant action. There is no appearance of impropriety resulting from Quarles & Brady's continued representation of C–K.

Accordingly, American's motion to disqualify Quarles & Brady is denied.

IT IS SO ORDERED.